Den, ex dem. Lee, v. Evaul.

---

DEN, ON THE DEMISE OF LEE, v. EVAUL.

1. After execution issues, the court will open a judgment and let in a real defence.

2. Regular judgments by default set aside in all cases, on affidavit of defence, if a trial not lost.

This was an ejectment brought in May Term, 1792, with notice to appear September Term ensuing. In November, 1792, judgment by default was entered against the casual ejector, and a *habere facias possessionem* issued, returnable to May, 1793. On the 10th of April, 1793, *Leake* wrote to *Read*, plaintiff's attorney, informing him he was concerned for Kaighn, under whom Evaul was tenant; and on the 17th April, to the sheriff, directing him not to execute the writ till after May Term, which letter was received two weeks before the writ was executed and possession delivered. In

May Term, 1793, a rule was entered to show cause why the judgment against the casual ejector should not be set aside, giving plaintiff liberty to go to trial at September Circuit. After stating the foregoing facts in support of the motion, *Leake* read an affidavit of Kaighn, the landlord, stating that he employed Mr. Leake to defend the ejectment, in August, 1792; that [202] Evaul had been his tenant for twelve years; that he had been in possession ever since 1770, under a title, and has, he thinks, a just defence. A letter was also produced from Lee, lessor of the plaintiff, to Kaighn, dated August, 1792,-mentioning the service of the declaration on Evaul, and that if Kaighn had any deed or survey, and would come forward and show it, he would put him to no further trouble.

He cited a number of authorities to show that ejectments were moulded to the purposes of obtaining justice, (*Aslin* v. *Parkin*, 2 *Burr.* 665, 7; *Fairclaim, ex dem. Fowler*, v. *Shamtitle*, 3 *Burr.* 1290, 2,) and that courts exercise their discretionary powers to effectuate the ends of justice. *Fox* v. *Glass*, 2 *Str.* 823; *Salk.* 117.

2d. The judgment and execution were irregular. On a judgment by default against casual ejector, tenant cannot be dispossessed without leave of the court. 2 *Sellon* 100.

KINSEY, C. J. It appears that on the 10th of April, 1793, before execution executed, notice was given of a defence, and the rules offered, by which means plaintiff would not have been delayed of a trial, which, by the terms offered, might have been had at the succeeding circuit as early as if the rules had been delivered between September and November, 1792.

The practice of this court has always been, where no trial was lost, to set aside a regular judgment in all cases where there is a real defence, on payment of costs, even in cases where defendant may be chargeable with neglect.

But omissions which arise from mistake, and where there

is an appearance of a just defence, have a stronger claim to the interposition of the court.

Let judgment be set aside, on payment of costs.

